IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREN S. DARNELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 13-8-DRH-CJP |
| | ) |
| VICTOR VEGA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

# MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Karen Darnell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 4, 2013 (Doc. 1). Ms. Darnell claimed the Bureau of Prisons ("BOP") failed to properly evaluate her request for transfer to a Residential Re-entry Center ("RRC"), also referred to as a community correctional center ("CCC"), in violation of 18 U.S.C. § 3621(b). She specifically claimed she was given an inadequate time of only five months in an RRC after BOP failed to consider her request under the proper five factor analysis mandated by 18 U.S.C. § 3621(b). Invoking the Second Chance Act, 18 U.S.C. 3624(c), she asked the Court

to order the BOP to consider her for placement in an RRC for the full twelve months allowed under that statute.

Respondent argued that Ms. Darnell's petition was moot because she was transferred to an RRC in March 2013, and therefore had already obtained the relief she sought in her habeas petition (Doc. 12). Ms. Darnell was ordered to show cause, in writing, before December 23, 2013, why her petition should not be dismissed as moot (Doc. 17). Ms. Darnell was clearly warned that failure to respond by the deadline would result in the dismissal of her case with prejudice (Doc. 17). Ms. Darnell's deadline has come and passed, and she has failed to respond to the Court's order to show cause.

Article III of the U.S. Constitution limits the exercise of judicial power to those claims that present a live case or controversy. *A.M. v. Butler,* 360 F.3d 787, 790 (7th Cir. 2004) (citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)). That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer,* 523 U.S. at 7 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). After a habeas petitioner has been released from custody some "concrete and continuing injury" or "collateral consequences" must exist as a result of the detention being challenged for the suit to present a continued

case or controversy. *Spencer,* 523 U.S. at 7 (citing *Carafas v. LaVallee,* 391 U.S. 234, 237-38 (1968)). A case or controversy will become moot if the Court cannot give the petitioner any effective relief. *Butler,* 360 F.3d at 790.

Here, Ms. Darnell asked the Court to order the BOP to consider her for placement in an RRC for longer than the BOP had initially determined. However, the record established that during the pendency of this action, Ms. Darnell was released to an RRC (Doc. 12-1, p. 5). It has also come to the Court's attention that Ms. Darnell was released from custody altogether on August 8, 2013. *Inmate Locator*, FED. BUREAU OF PRISONS, http://www.bop.gov/Locate/ (last visited December 27, 2013). Accordingly, her petition has been rendered moot because the Court can no longer provide Ms. Darnell with the relief she seeks. *See Demis v. Sniezek,* 558 F.3d 508, 513 (6th Cir. 2009) ("Because Demis already was transferred to [an RRC] and now has been released from custody, no actual injury remains that the Court could redress that we could redress with this appeal. We therefore must dismiss Demis' appeal as moot.") Additionally, Ms. Darnell has not alleged collateral consequences capable of maintaining this Court's jurisdiction, as she merely challenged the length of her CCC placement.

Consequently, Karen Darnell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**, and this action is **DISMISSED with prejudice as**

**MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 2nd day of January, 2014.

David R. Herndon
2014.01.02
07:54:12 -06'00'

**Chief Judge
United States District Court**